FILED DATE: 10/2/2019 3:59 PM 2019L003358

FILED
10/2/2019 3:59 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L003358

6803618

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| SHERON WILLIAMS, as guardian for JEFFREY MOORE, a person with a disability,<br><br>Plaintiff,<br><br>v.<br><br>SIPI METALS CORP., an Illinois Corporation, SIPI METALS CORP. PRECIOUS METALS DIVISION, an Illinois Corporation, SIPI, LLC, an Illinois limited liability company, BELMONT TECHNOLOGY INTERNATIONAL, LLC, an Illinois limited liability company, BTR SOLUTIONS, LLC, an Illinois limited liability company, ARMIL/CFS, INC., an Illinois Corporation, PEOPLES ENERGY CORPORATION, an Illinois Corporation, and THE PEOPLES GAS, LIGHT AND COKE COMPANY d/b/a PEOPLES GAS, an Illinois corporation,<br><br>Defendants. | Case No. 2019-L-003358<br>Consolidated with<br>Case No. 2019-L-001516 |

## **PEOPLES GAS' CROSSCLAIM AGAINST ARMIL/CFS**

Defendant, The Peoples Gas Light and Coke Company ("Peoples Gas"), by its attorneys, Donnelly & Harris, LLC, for its Counterclaim in the nature of a Crossclaim pursuant to 735 ILCS 5/2-608(a) against Defendant Armil/CFS, Inc. ("Armil"), states:

### **COUNT I - CONTRIBUTION**

1. Plaintiff Sheron Williams as guardian for Jeffrey Moore brings a claim for negligence against Peoples Gas in a first amended complaint, expressly incorporated into this pleading by reference.

2. Peoples Gas denies that it is liable to Plaintiff for the damages claimed.

1

EXHIBIT D

FILED DATE: 10/2/2019 3:59 PM 2019L003358

3. However, pleading in the alternative, in the event that the Court determines that Peoples Gas is liable to Plaintiff for any portion of the damages, it is not due to its own fault but as a direct and proximate result of the negligent acts or omissions of Armil.

4. Prior to January 30, 2019, Armil and Defendants Sipi Metals Corp. and/or Sipi Metals Corp. Precious Metals Division entered into a continuous and open-ended agreement for service and maintenance of the furnace where the explosion occurred and the equipment serving said furnace, including the equipment supplying natural gas to the furnace (hereinafter, "Sipi Gas Equipment"), sometimes referred to as the gas train.

5. Armil was engaged in performing work on the Sipi Gas Equipment under its contract with Sipi Metals Corp ("Sipi"), a continuous and open-ended agreement service with Sipi, when the explosion occurred. Armil was actually in the process—in the midst of performing, had begun but had not completed—its contracted-for work at Sipi when the explosion occurred.

6. Armil had a duty to Plaintiff to exercise care in the performance of its work so as to avoid injury to Plaintiff's person.

7. Notwithstanding said duty and in derogation thereof, Armil was negligent in one or more of the following respects:

   a. Failed to properly maintain the Sipi Gas Equipment;

   b. Failed to properly inspect the Sipi Gas Equipment;

   c. Hard-wired the Sipi Gas Equipment to bypass safety feature(s);

   d. Reset and altered the high- and low-pressure valves in excess of manufacturer specifications;

   e. Failed to ensure that safety features of the Sipi Gas Equipment were working properly;

EXHIBIT D

FILED DATE: 10/2/2019 3:59 PM    2019L003358

    f.    Failed to have properly trained and sufficiently experienced personnel perform work on the Sipi Gas Equipment;

    g.    Failed to warn Sipi and its employees of the potential for dangerous explosions in the furnace;

    h.    Was otherwise negligent.

8. By one or more of the aforementioned negligent acts or omissions, Defendant/Cross-Defendant Armil breached its duties to Plaintiff and thereby directly and proximately caused Plaintiffs' damages.

9. In Illinois there exists a right of contribution among joint tortfeasors pursuant to the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/1, *et seq*.

10. Defendant/Counter-Plaintiff Peoples Gas denies the Plaintiff's claims in their entirety, but should it be found or held to be liable to the Plaintiff, it should be entitled to contribution from the Defendant/Cross-Defendant, Armil, in an amount commensurate with its relative degree of culpability in causing the damages Plaintiff complains of.

    WHEREFORE, the Defendant/Cross-Plaintiff, The Peoples Gas, Light & Coke Company, prays that if judgment is entered against it and in favor the Plaintiff, Sheron Williams as guardian for Jeffrey Moore, as to the allegations in the Complaint, that judgment be entered in its favor and against the Defendant/Cross-Defendant Armil/CFS, Inc. for its commensurate share of the damages and costs sustained by the Plaintiffs, and such other and further relief as this Court deems proper.

FILED DATE: 10/2/2019 3:59 PM  2019L003358

        Respectfully submitted,

        **Defendant The Peoples Gas, Light & Coke Co.,**

        By: /s/ Patrick G. Donnelly
             One of its attorneys

Timothy J. Harris
Patrick G. Donnelly
Donnelly & Harris, LLC
6430 N. Central Ave. Suite 207
Chicago, IL 60646
(312) 564 5210
pdonnelly@donnellyharris.com

4

EXHIBIT D